IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTINE E. LOGAN<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAVID M. LOGAN, LOREN L. LOGAN, WILLIAM M. BENJAMIN, JAMES P. CLARK, WILLIAM J. DESS, STEVEN N. SPARTA, and LORI A. LOVE,<br><br>　　　　Defendants. | Case No. 1:11-CV-00165-DB<br><br>**REPORT AND RECOMMENDATION**<br><br>Magistrate Judge Samuel Alba |

Before the court are the following motions: (1) Defendant Steven Sparta's Motion to Dismiss (Doc. 9), (2) Defendants David Logan and Loren Logan's Motion to Dismiss or for Transfer of Venue (Doc. 14), (3) Defendant James Clark's Motion to Dismiss (Doc. 16), (4) Defendant William Benjamin's Motion to Dismiss (Doc. 26), (5) Defendant Lori Love's Motion to Dismiss (Doc. 30), (6) Plaintiff's "Ex Parte Motion for 30 Days Extended Response Time To Enjoin the State of California as a New Defendant" (Doc. 32), (7) Defendants David Logan and Loren Logan's Motion to Strike (Doc. 43), and (8) Plaintiff's Motion to Deny Change of Venue (Doc. 46).

Because Plaintiff is proceeding pro se, the court must construe her pleadings liberally and hold them "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 55 U.S. 89, 94 (2007); *see also Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003); however, Plaintiff's pro se status does not excuse her from complying with the Federal Rules of Civil Procedure, *see Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir.

1994). Furthermore, the court will not "assume the role of the advocate for [Plaintiff]." *Jordan v. Sosa*, 654 F.3d 1012, 1018 n.8 (10th Cir. 2011).

Having carefully reviewed the pleadings in this matter, the court recommends that Defendants' motions to dismiss be granted because the court lacks personal jurisdiction over any defendant. Also, the court recommends that Plaintiff's "Ex Parte Motion for 30 Days Extended Response Time to Enjoin the State of California as a New Defendant" be denied as futile. Further, the court recommends dismissal of Defendant William J. Dess from the action, *sua sponte*. The court does not address the Logan Defendants' Motion to Strike (Doc. 43) or the Plaintiff's Motion to Deny Change of Venue (Doc. 46) because those motions are moot in light of the court's recommendation that the case be dismissed.

## BACKGROUND

Plaintiff, who is proceeding pro se, filed her complaint in this case on November 16, 2011, the same day her motion to proceed *in forma pauperis* ("IFP") was granted, and the case was assigned to United States District Judge Dee Benson. (Docs. 2-3.) On December 7, 2011, Plaintiff filed a document entitled "Memorandum and Evidence," with attached affidavits. (Doc. 6.)

On December 9, 2011, Defendant Benjamin filed a Motion for Extension of Time to File Answer. (Doc. 8.) The same day, Defendant Steven Sparta filed a Motion to Dismiss for Lack of Jurisdiction and Insufficient Service, together with a supporting memorandum. (Docs. 9, 10.)

On December 12, 2011, Defendants David Logan and Loren Logan filed an Ex Parte Motion for Leave to File Excess Pages; a Motion to Dismiss for Lack of Jurisdiction, Transfer Venue, and Strike Portions of Plaintiff's Complaint; and a supporting memorandum. (Docs. 11,

14, 15.)  Also, Defendant Lori Love filed a Motion for Extension of Time to File Answer, and

Defendant James Clark filed a Motion to Dismiss with a supporting affidavit and memorandum.

(Docs. 13, 16-18.)

On December 13, 2011, Judge Benson granted the Logan Defendants' Motion for Leave

to File Excess Pages and Defendant Benjamin's Motion for Extension of Time to File Answer.

(Docs. 22, 23.)  The next day, he also granted Defendant Love's Motion for Extension of Time

to File Answer.  (Doc. 25.)

Defendant Benjamin filed his Motion to Dismiss for Lack of Jurisdiction with a

supporting memorandum and affidavit on December 15, 2011.  (Docs. 26-28.)  That same day,

Plaintiff filed a Memorandum in Opposition to the Logan Defendants' already-granted Motion

for Leave to File Excess Pages.  (Doc. 29.)

On December 16, 2011, Defendant Love filed her Motion to Dismiss for Lack of

Jurisdiction with her supporting memorandum.  (Docs. 30, 31.)  Three days later, Plaintiff filed a

document entitled "Ex Parte Motion for 30 days Extended Response Time to Enjoin the State of

California as a New Defendant." (Doc. 32.) On January 3, 2012, the Logan Defendants filed a

Memorandum in Opposition to Plaintiff's motion to add the State of California as a defendant.

(Doc. 33.)

On January 11, 2012, Defendant Sparta filed a Request to Submit for Decision regarding

his Motion to Dismiss.  (Doc. 34.)  The next day, Judge Benson referred the case to United

States Magistrate Judge Samuel Alba, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. 35.)

Plaintiff filed a memorandum supporting her Motion for Extension of Time to Enjoin the

State of California as New Defendant on January 13, 2012.  (Doc. 37.)  Defendant Benjamin

filed his Request to Submit for Decision regarding his Motion to Dismiss on January 23, 2012.

(Doc. 38.)

On January 27, 2012, the Logan Defendants and Defendant Love submitted replies to the

response to their Motions to Dismiss for Lack of Jurisdiction, along with supporting affidavits.

(Docs. 39-42.)  The Logan Defendants also filed a Motion to Strike Affidavits and Unsupported

Statements of the Plaintiff, an accompanying memorandum, and a Request to Submit for

Decision regarding their Motion to Dismiss for Lack of Jurisdiction.  (Docs. 43-45.)  Finally, on

January 30, 2012, Plaintiff filed a Motion to Deny Change of Venue. (Doc. 46.)

## ANALYSIS

### A.  Motions to Dismiss

In each of Defendants' motions to dismiss, Defendants assert the court lacks personal

jurisdiction over them.  Defendants David Logan and Loren Logan also assert that the court

lacks subject matter jurisdiction in this case.

Although a federal court will typically resolve questions of subject matter jurisdiction

before personal jurisdiction, it can properly address personal jurisdiction first when the question

of personal jurisdiction is more easily resolved.  *See Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S.

574, 588 (1999).  That is the situation in this case.  Accordingly, the court elects to first address

Defendants' argument that Plaintiff's complaint should be dismissed for lack of personal

jurisdiction.[1]

To meet her initial burden, "the plaintiff must only make a prima facie showing of

personal jurisdiction."  *Melea, Ltd. v. Jawer Sa*, 511 F.3d 1060, 1065 (10th Cir. 2007).  "The

---

[1]Because the court recommends dismissal due to lack of personal jurisdiction, it does not address
Defendants' other alleged grounds for dismissal.

plaintiff may meet this burden by demonstrating, via affidavit or other written materials, facts

that if true would support jurisdiction over the defendant." *Id*. (internal quotation marks and

citation omitted). Factual disputes are resolved in favor of the plaintiff. *See TH Agric. &*

*Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007).

"In determining whether a federal court has personal jurisdiction over a defendant, the

court must determine (1) whether the applicable statute potentially confers jurisdiction by

authorizing service of process on the defendant and (2) whether the exercise of jurisdiction

comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). When

the case's subject matter jurisdiction is based on a diversity claim, the court will look to the

applicable state's long-arm statute to determine whether the first prong is met in determining

personal jurisdiction. *See Melea*, 511 F.3d at 1065; Fed. R. Civ. P. 4(K)(1). In diversity cases

where the long-arm statute confers the maximum jurisdiction allowable under constitutional due

process, *see* Utah Code Ann. § 78B-3-201 (2012); *accord Sys. Designs, Inc. v. New Customward*

*Co.*, 248 F. Supp.2d 1093, 1097 (D. Utah 2003), the whole analysis is compressed into the

second prong, *see id.*; *Melea*, 511 F.3d at 1065. Thus, the court next addresses whether the

exercise of jurisdiction over Defendants comports with due process.

In examining due process, the court will "conduct a two-step analysis." *Melea*, 511 F.3d

at 1065.

> At the first step, [the court] examine[s] whether the
> non-resident defendant has 'minimum contacts' with
> the forum state such that he should reasonably
> anticipate being haled into court there. If the
> defendant has sufficient contacts, [the court] then
> proceed[s] to the second step. At this step, [the
> court] ask[s] whether the court's exercise of
> jurisdiction over the defendant offends 'traditional

> notions of fair play and substantial justice,' that is,
> whether the exercise of jurisdiction is 'reasonable'
> under the circumstances."

*Id*. at 1065-66 (internal quotations marks and citations omitted).

These "minimum contacts" "may give rise to personal jurisdiction over a non-resident defendant either generally, for any lawsuit, or specifically, solely for lawsuits arising out of particular forum-related activities." *Shrader v. Bigginger*, 633 F.3d 1235, 1239 (10th Cir. 2011). General jurisdiction requires the defendants to have made "continuous and systematic" contacts with the forum state. *Id*.. Specific jurisdiction requires that an out-of-state defendant has "purposefully direct[ed]" her activities at the forum state and that the litigation in question arose out of those activities. *Id*.

### 1.  Specific Jurisdiction

The court next examines whether specific jurisdiction exists in this case.  Most of Plaintiff's claims, insofar as they are colorable[2], are state law claims based on an alleged assault

---

[2] Although Plaintiff alleges violations of several federal laws, (Doc. 3 at 3 (alleging "Attempted Murder," cited as 18 U.S.C. §1117 (Conspiracy to Commit Murder)); *id*. at 12 (alleging a RICO conspiracy under 18 U.S.C. §1962); *id*. at 11 (alleging violations of 18 U.S.C. §§1501-1508 (various Obstruction of Justice charges))), personal jurisdiction cannot rest on these statutes because, other than the alleged RICO conspiracy, none of them provides for a private cause of action.  *See Kaw Nation v. Springer*, 341 F.3d 1186, 1189 (10th Cir. 2003) (explaining that a private cause of action only exists where Congress, expressly or by implication, intended to create it).  As for the alleged RICO conspiracy, such a claim provides a private cause of action in some circumstances, *see* 18 U.S.C. §1964(c), but does not allow for out-of-state service of process unless the forum state has minimum contacts with at least one defendant, *see* 18 U.S.C. §1965; *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1230-31 (10th Cir. 2006).  As discussed herein, the court concludes that Defendants lack minimum contacts with Utah; as a result, the statute prohibits out-of-state service of process in this case.  Because Defendants were all served out-of-state, personal jurisdiction does not attach under Plaintiff's RICO claim, as well.

which took place at Defendant David Logan's residence.  Plaintiff's pleadings make clear that

this residence is in San Diego, California.  *(See, e.g.,* Doc. 3 at 2.)  Her related claims stem from

the alleged "negligence" *(id*. at 28, 30), "obstruction of justice" *(id*. at 11), or "slander and libel,"

*(id*. at 37) of various actors in the California Family Court system and the actions they took, or

failed to take, in California.  Defendants include Plaintiff's father and stepmother, David Logan

and Loren Logan; Dr. William Dess, a psychologist appointed by the State of California to

evaluate Plaintiff and her brother as part of a child custody dispute in San Diego; William

Benjamin, Esq., an attorney appointed by a California court to represent Plaintiff and her brother

in the custody dispute; James Clark, a California divorce attorney who represented David Logan

in his California divorce proceedings with Plaintiff's biological mother; Dr. Lori Love, another

doctor appointed by California to provide therapy to Plaintiff; and Dr. Steven Sparta, a

psychologist appointed by California to prepare a child custody evaluation in 2004.

Defendants are all California residents (Doc. 3 at 2-3) and were served with process in

California (Docs. 4, 5 (Returns of Service)).  Plaintiff does not allege claims against any

defendants arising from activity "purposefully directed" at Utah.  Instead, Plaintiff asserts

---

Further, as to Plaintiff's single allegation regarding conduct that occurred in Utah (Doc. 6-1, Affidavit of Christine Logan, at 8 ("My father bust [sic] into the cabin and started yelling at me to pack my bags. . . . [He] continued to yell all the way down the mountain and revisited the subject [of Plaintiff's dawdling] with unreasonable anger throughout the 11-hour trip.")), the court dismisses this claim, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), because it fails to state a claim on which relief can be granted. Plaintiff does not allege any specific cause of action related to this conduct, calling it only "another instance of my father's uncontrolled anger." *Id*. It is possible, but unclear, that Plaintiff intended this incident to relate to Plaintiff's allegation of Negligent Infliction of Emotional Distress; however, the court notes that this tort is "necessarily suspect in a family setting," *Fluharty v. Fluharty*, 59 Cal. App. 4th 484, 495-96 (1997). Moreover, Plaintiff's description, on its face, is of a run-of-the-mill parent/child dispute and is not actionable conduct.  As a result, and because Plaintiff is proceeding IFP, the court dismisses this claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). *See infra* Part B.

personal jurisdiction by arguing that Plaintiff is a Utah resident[3] and therefore is the "sufficient contact" linking each defendant with the State of Utah.  (Doc. 46 at 8.)

Plaintiff's argument lacks any legal basis.  Case law is clear that Plaintiff's unilateral decision to move here in no way establishes the necessary minimum contacts between Utah and Defendants.  *See Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir. 1995) ("Unilateral activity of those claiming a relationship with a nonresident defendant is not sufficient [to establish minimum contacts].").  Plaintiff has not met her burden of "demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant[s]." *Melea*, 511 F.3d at 1065 (internal quotation marks and citation omitted).  Although, in reviewing Defendants' motions to dismiss, the court resolves factual disputes in Plaintiff's favor, *Shrader*, 633 F.3d at 1239, Plaintiff's unsupported, conclusory statement that she has established a prima facie case for jurisdiction does not require favorable construction.  *See id.* (explaining that the court is only required to consider as true non-conclusory, non-speculative statements).

In sum, because Plaintiff has not provided sufficient specific factual support to establish that Defendants "purposefully direct[ed]" their activities at Utah, and that the instant case arose out of such activities, Plaintiff has not established that the court has specific jurisdiction over Defendants.

---

[3] The uncontroverted factual allegations made by Defendants establish that Plaintiff moved to Utah in August of 2011. *See, e.g.*, Declaration of David and Loren Logan 3 (Doc. 15, Attachment 1.)

## 2.  General Jurisdiction

The court now examines whether general jurisdiction exists in this case. The court

considers general jurisdiction separately from specific jurisdiction because Plaintiff makes two

factual allegations relevant only to a general jurisdiction analysis.  First, Plaintiff avers that

Defendant Loren Logan (her stepmother) "lived in Utah for over a year and was employed full

time." (Doc. 29 at 2.)  Second, she avers that "[David Logan and Loren Logan] have vacationed

as well as traveled extensively in Utah." *Id*.

General jurisdiction, compared to specific jurisdiction, requires a greater threshold of

contacts between the defendant and the forum state.  *See* 16-108 Moore's Federal Practice - Civil

§108.40 (2011) ("The distinction between general and specific jurisdiction is significant because,

as the Supreme Court made clear . . . the threshold of contacts for satisfying the minimum

contacts requirement . . . is higher in general than in specific jurisdiction cases.") (citing

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984)).

General jurisdiction over non-resident defendants has been upheld by the Supreme Court

only once.  *See* 16-108 Moore's Federal Practice - Civil §108.41 (2011)(citing *Perkins v.*

*Benguet Consol. Mining Co*., 342 U.S. 437 (1952)).  In *FCNB Spiegel v. Dimmick*, the New

York City Civil Court found a non-resident individual subject to general jurisdiction when he

was permanently employed in New York City and commuted into New York "on a daily basis to

conduct business [there]."  163 Misc. 2d 152, 155-56 (N.Y. Civ. Ct. 1994).  Similarly, a Federal

District Court in Maryland found a non-resident truck-driver subject to general jurisdiction in

Maryland because he traveled to Maryland "on a regular basis, in a purposeful way, and in a

manner integral to . . . [his] business[] . . . of truck driver."  *Carter v. Massey*, 436 F. Supp. 29,

34 (D.Md. 1977); *but see Obermeyer v. Gilliland*, 873 F. Supp. 153, 157-158 (C.D. Ill. 1995) (defendant truck driver's frequent trips into Illinois were insufficient to warrant general jurisdiction).

Although there is not an exacting test to determine whether sufficient minimum contacts exist to establish general jurisdiction, there is no question that the standard is high and requires purposeful and frequent contacts. Plaintiff's factual assertions fail to allege that Defendant David Logan or Loren Logan has had such purposeful and frequent contacts. Vacationing in Utah, even "extensively," does not by itself establish "continuous and systematic" activity such that David and Loren Logan should reasonably anticipate being haled into court here on matters unrelated to their travel and vacationing. Notably, this contact lacks the systematic nature of the frequent business-related travel engaged in by the defendants in *Carter* and *Dimmick*.

Similarly, former residency and employment in Utah at some unspecified prior time does not establish that Loren Logan should reasonably anticipate being haled into Utah court for matters unrelated to her previous residency or employment. Such prior residency is not "continuous," given that Plaintiff's own pleadings establish that Loren Logan was living in California with Plaintiff's father during the events giving rise to Plaintiff's claims. (*See, e.g.,* Doc. 3 at 9.)

In conclusion, because Plaintiff has failed to establish sufficient "minimum contacts" between any defendants and the forum state such that they may reasonably anticipate being haled into court in Utah, the court also lacks general jurisdiction over any defendants in this

case.[4]  The court recommends that the motions to dismiss filed by Defendants David and Loren

Logan, William Benjamin, James Clark, Lori Love, and Steven Sparta be granted.

### B.  Defendant Dess

One other defendant has been named, Defendant William Dess.  Dess has not filed a

response to Plaintiff's complaint.  Also, he is the only defendant for which no return of service

has been filed.  Consequently, he must be considered separately from the other defendants.

Plaintiff is proceeding IFP under 28 U.S.C. §1915.  (Doc. 2.)  Under the terms of that

statute, the court may exercise its discretion to dismiss claims, *sua sponte*, if it determines they

fail to state a claim on which relief may be based.  *See* 28 U.S.C.  §1915(e)(2).  Under this

statutory provision, the court has the discretion to dismiss an IFP case for lack of personal

jurisdiction.  *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).

When exercising discretion under § 1915, the court "must accept the allegations of the

complaint as true and construe those allegations, and any reasonable inferences that might be

drawn from them, in the light most favorable to the plaintiff."  *Kay v. Bemis*, 500 F.3d 1214,

1217 (10th Cir. 2007) (internal quotation marks and citation omitted).  However, "[t]his liberal

---

[4]       Because Plaintiff has failed to establish the first prong of the due process analysis, the
court need not address the second prong, namely, whether Utah's jurisdiction would be
"reasonable under the circumstances"; however, the court notes that reasonableness factors also
weigh strongly against Utah jurisdiction. Those reasonableness factors include: "(1) the burden
on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest
in receiving convenient and effective relief, (4) the interstate judicial system's interest in
obtaining the most efficient resolution of controversies, and (5) the shared interest of the several
states in furthering fundamental substantive social policies." *OMI Holdings v. Royal Ins. Co. of
Can.*, 149 F.3d 1086, 1095 (10th Cir. 1998).  Here, the allegations concern events which took
place in California; defendants all reside in California; most conceivable witnesses reside in
California; most defendants are licensed by the State of California either as doctors or attorneys,
giving California a strong interest in resolving the dispute; and, lastly, the State of Utah, besides
its general interest in finding justice for a resident, would have no especially compelling interest
in resolving the dispute.

treatment is not without limits, and this court has repeatedly insisted that pro se parties follow

the same rules of procedure that govern other litigants." *Id*. (internal quotation marks and citation

omitted).   In *Greer v. Safeway*, the Tenth Circuit affirmed the district court's decision to dismiss

a defendant, *sua sponte*, on § 1915 authority, where the pro se Plaintiff failed to allege any facts

demonstrating personal jurisdiction over defendant. *Greer v. Safeway*, 317 F. App'x 838, 841

(10th Cir. 2009) (unpublished).

Defendant Dess apparently has not been served with process.  Further, according to

Plaintiff, Dess is a doctor residing and licensed in California.  (Doc. 32 at 2; Doc. 3 at 2.)  For

the same reasons discussed above, the court concludes that Plaintiff has failed to allege facts

which would give rise to specific or general jurisdiction over Defendant Dess.  Accordingly, the

court recommends dismissal of Dess from the action pursuant to 28 U.S.C. § 1915(e)(2).

### C.  Motion to Add California as a Named Party

Having dismissed all named defendants from this action, the court addresses Plaintiff's

motion to amend her complaint to add the State of California as a named defendant so that she

may assert civil rights violations against it under 42 U.S.C. § 1983.  (Doc. 32 at 2.)  The court

recommends that Plaintiff's motion be denied because it is futile.

As noted above, the court has the discretion, under 28 U.S.C. § 1915, to dismiss claims at

any time which fail to state a claim on which relief may be based.  28 U.S.C. §1915(e)(2).  Any

§ 1983 claim against California is an "indisputedly meritless legal theory because [the State] is

clearly entitled to Eleventh Amendment immunity." *Whitney v. New Mexico*, 113 F.3d 1170,

1173 (10th Cir. 1997) (internal quotation marks and citation omitted) (upholding district court's

*sua sponte* dismissal of New Mexico from pro se Plaintiff's § 1983 claims).  Further, the

Case 1:11-cv-00165-DB   Document 54   Filed 03/23/12   Page 13 of 14

Supreme Court has unequivocally established that "neither a State nor its officials acting in their official capacities are 'persons' [who may be sued] under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). As a result, were Plaintiff to add California as a defendant in this action, the court would dismiss California, *sua sponte,* pursuant to § 1915, because California is immune from this action and is not a "person" under § 1983.

In conclusion, because Plaintiff's proposed amendment would be subject to *sua sponte* dismissal, the court denies Plaintiff's motion as futile. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."); *Bauchman v. West High Sch*., 132 F.3d 542, 562 (10th Cir. 1997)(citing "futility of amendment" as justification to deny motion to amend).

## RECOMMENDATION

Based on the above analysis, **IT IS RECOMMENDED** that Defendant Steven Sparta's Motion to Dismiss (Doc. 9), Defendants David Logan and Loren Logan's Motion to Dismiss (Doc. 14), Defendant James Clark's Motion to Dismiss (Doc. 16), Defendant William Benjamin's Motion to Dismiss (Doc. 26), and Defendant Lori Love's Motion to Dismiss (Doc. 30) be **GRANTED** and that Plaintiff's "Ex Parte Motion for 30 Days Extended Response Time To Enjoin the State of California as a New Defendant" (Doc. 32) be **DENIED**. **IT IS FURTHER RECOMMENDED** that Defendant William J. Dess be **DISMISSED** from the action, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), because Plaintiff fails to allege facts sufficient to establish personal jurisdiction. The court notes that a case dismissed due to lack of personal

13

jurisdiction should be dismissed without prejudice.  *See Hollander v. Sandoz Pharms. Corp.*, 289

F.3d 1193, 1216 (10th Cir. 2002).[5]

   Copies of the foregoing report and recommendation are being mailed to the parties who

are hereby notified of their right to object to the same.  The parties are further notified that they

must file any objections to the report and recommendation, with the clerk of the district court,

pursuant to 28 U.S.C. §636(b), within fourteen days of receiving it.  Failure to file objections

may constitute a waiver of those objections on subsequent appellate review.

     DATED this 22nd day of March, 2012.

          BY THE COURT:

          _____
          SAMUEL ALBA
          United States Magistrate Judge

---

[5] Although 28 U.S.C. § 1631 requires a court to transfer a case with jurisdictional defects to another court "in which the action or appeal could have been brought at the time it was filed or noticed," such transfer should only be made when "in the interest of justice."  The court concludes that transfer of this case would not be in the interests of justice because the underlying claims do not appear to be meritorious.  *See Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (explaining that a court may "take a peek at the merits [of the underlying case] to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed").  Consequently, the court recommends dismissal of the case without prejudice as opposed to transfer.